[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10193
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-60918-JK

NANCY CAROL NIGRO,

                                                         Plaintiff - Appellant,

versus

ELIAS CARRASQUILLO,

                                                         Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 4, 2016)

Before WILLIAM PRYOR, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Nancy Nigro sued Officer Elias Carrasquillo under 42 U.S.C. § 1983, alleging that he violated her Fourth Amendment rights by using excessive force. The district court granted summary judgment to Officer Carrasquillo on qualified immunity grounds. On appeal, Ms. Nigro argues that the district court erred in granting summary judgment to Officer Carrasquillo and abused its discretion in denying her motion for leave to amend her complaint to add the City of Sunrise as a defendant, denying her motion to compel discovery, and granting Officer Carrasquillo's motion for extension of time.

Following review of the record and consideration of the parties' briefs, we affirm the district court's grant of summary judgment in favor of Officer Carrasquillo, as well as the district court's other rulings.

**I**

On September 7, 2014, Officer Carrasquillo and other officers responded to a call that Ms. Nigro was causing a disturbance in her neighborhood. The neighbors told Officer Carrasquillo that Ms. Nigro had yelled at them and had thrown a painting, causing superficial damage to a car. With no explanation for Ms. Nigro's behavior, Officer Carrasquillo believed that it was appropriate to detain Ms. Nigro under Florida's Baker Act, Fla. Stat. § 394.463. Ms. Nigro later explained that she was upset and may have been off her medication for certain psychiatric conditions that day.

2

The officers handcuffed Ms. Nigro and placed her in the back of a patrol car. Ms. Nigro began to scream and call Officer Carrasquillo names, and became "very angry" because she felt that he was deliberately trying to provoke her. In their depositions, Officer Carrasquillo and a neighbor testified that Ms. Nigro then began to kick the rear passenger-side window while she was handcuffed in the back of the patrol car. Photographs show that Ms. Nigro caused damage to the patrol car by kicking out the window casing of the doorframe.

In response to Ms. Nigro's conduct, Officer Carrasquillo pepper sprayed Ms. Nigro for two seconds while she was still in the back of the patrol car. Ms. Nigro stopped struggling momentarily, but resumed kicking the window after a few minutes. After being pepper sprayed again for two seconds, Ms. Nigro finally calmed down. Officers then placed her in leg shackles and a spit mask, and called an ambulance to treat her for pepper-spray exposure and to take her to a hospital.

Ms. Nigro alleged that Officer Carrasquillo used excessive force when he pepper sprayed her while she was handcuffed in the back of the patrol car. She moved for partial summary judgment on July 26, 2015, seeking a judgment on liability. When she filed her motion, no depositions had yet been taken and the date agreed upon to take Ms. Nigro's deposition was still two months later. The district court rejected Ms. Nigro's attempt to seek summary judgment prior to the taking of critical testimony and denied the partial summary judgment motion without

prejudice. The district court explained that at any time following the completion of depositions Ms. Nigro could re-file her motion for partial summary judgment. Ms. Nigro, however, did not refile her motion.

After the close of discovery, Officer Carrasquillo moved for summary judgment, arguing that he did not violate the Fourth Amendment in applying pepper spray to Ms. Nigro, who was a violently-resisting detainee, and that he was entitled to qualified immunity due to the lack of clearly established law prohibiting his actions. The district court agreed with Officer Carrasquillo and ruled that pepper spraying a handcuffed arrestee in the back of a police car was not *per se* excessive force. The district court granted summary judgment on qualified immunity grounds to Officer Carrasquillo, explaining that Ms. Nigro failed to point to a single binding authority that prohibited pepper spraying an actively and violently resisting detainee, and that Officer Carrasquillo's use of minimal force was reasonable to prevent Ms. Nigro from further damaging the car, resisting arrest, and injuring herself or others.

## II

We review the grant of a motion for summary judgment *de novo*, applying the same legal standards used by the district court. *See Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641 (11th Cir. 1998). We review the evidence in light most favorable to the non-moving party. *See id.* Summary

4

judgment is proper "if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

The Fourth Amendment's right to be free from unreasonable searches and seizures includes the right to be free from excessive force during arrest. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989). Therefore, claims that an officer used excessive force to carry out an arrest "should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Id.* at 395.

The "reasonableness" of a particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. A court must take into account that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 397. The reasonableness determination therefore requires "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) (internal quotation marks and citation omitted). The balancing test involves several factors, such as "the severity of the crime at issue, whether the suspect poses an immediate threat

to the safety of officers or others, and whether the detainee is actively resisting arrest or attempting to evade arrest." *Graham*, 490 U.S. at 396.

Both parties, and the district court, relied on our decision in *Vinyard v. Wilson*, 311 F.3d 1340 (11th Cir. 2002). There, where officers pepper sprayed the plaintiff while she was sitting in the back of a patrol car, we held that the *Graham* factors weighed in the plaintiff's favor. Critically, however, we noted in that case that the plaintiff was not resisting arrest or attempting to flee. *See id*. at 1340.

We recognized in *Vinyard*, that "[c]ourts have consistently concluded that using pepper spray is reasonable, [ ] where the plaintiff was either resisting arrest or refusing police requests." *Id*. at 1348. We stated that "pepper spray is generally of limited intrusiveness, and it is designed to disable a suspect without causing permanent physical injury." *Id*. And we further acknowledged that "pepper spray is a very reasonable alternative to escalating a physical struggle with an arrestee." *Id*.

Officer Carrasquillo's use of pepper spray did not constitute excessive force in violation of the Fourth Amendment. Officer Carrasquillo applied two short bursts of pepper spray in response to Ms. Nigro's violently kicking the patrol car door and resisting arrest. The use of minimal force associated with a couple of two-second bursts of pepper spray was reasonable force to prevent Ms. Nigro from further damaging government property, injuring herself, or harming the officers. First, we have explained—albeit under different facts—that "[p]epper spray is a

6

specially noninvasive weapon and may be one very safe and effective method of handling a violent suspect who may cause further harm to himself or others." *McCormich v. City of Ft. Lauderdale*, 333 F.3d 1234, 1245 (11th Cir. 2003). Here Ms. Nigro, who has been detained pursuant to Florida's Baker Act, was acting violently inside the patrol car. Second, in *Vinyard* we said in dicta that the use of pepper spray to subdue an arrestee who was acting violently in a patrol car is not excessive force. *See Vinyard*, 311 F.3d at 1348 n.9. That dicta is persuasive, and we follow it in this case.

### III

We review the denial of Ms. Nigro's motion for leave to amend the complaint on the ground of futility *de novo. See City of Miami v. Wells Fargo & Co.*, 801 F.3d 1258, 1265 (11th Cir. 2015). A proposed amendment is futile when the complaint as amended would not survive a Rule 12(b)(6) motion to dismiss. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

As previously stated, there was no Fourth Amendment violation stemming from Officer Carrasquillo's use of pepper spray on Ms. Nigro. Ms. Nigro's proposed amendment to add the City of Sunrise as a defendant would be futile because the City cannot be liable if there was no underlying constitutional violation.

The district court's grant of Officer Carrasquillo's motion for extension of time, and the denial of Ms. Nigro's motion to compel discovery, are also reviewed for abuse of discretion. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863–64 (11th Cir. 2004) (extension of time); *See also R.M.R. v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812, 816 (11th Cir. 1999) (discovery). In reviewing a district court's decision for abuse of discretion, our review is limited; we give the court "considerably more leeway than if we were reviewing the decision de novo." *Young*, 358 F.3d at 863. We affirm the district court's decision so long as there is no clear error in judgment. *See id*.

Ms. Nigro has not pointed to any clear error of judgment regarding the grant of Officer Carrasquillo's motion for an extension of time. Additionally, we find no clear error in the magistrate judge's finding that the discovery Ms. Nigro sought was overly broad and outside the range of discoverable information.

## IV

For the foregoing reasons, we affirm the district court's order granting summary judgment in favor of Officer Carrasquillo and the district court's procedural rulings.

**AFFIRMED.**

8